187 S.W.3d 721 (2006)
In the Interest of B.C.C. and A.N.C., Minor Children.
No. 12-05-00025-CV.
Court of Appeals of Texas, Tyler.
February 15, 2006.
*722 Forrest K. Phifer, Rusk, for appellant.
John B. Worley, Austin, for appellee.
Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

OPINION
SAM GRIFFITH, Justice.
Robert C. Chapman appeals the trial court's order revoking his community supervision, following which he was committed to the county jail for one hundred eighty days. Chapman raises one issue on appeal. We dismiss for want of jurisdiction in part and affirm in part.

BACKGROUND
Pursuant to a divorce decree entered on April 21, 1995, Chapman was ordered to make monthly child support payments. The child support payments were modified by order entered on January 16, 1998. When Chapman subsequently failed to comply with the order, the State filed a motion for enforcement. The trial court *723 entered an order enforcing Chapman's child support obligation on October 3, 2001. By that same order, the court found Chapman guilty of civil contempt and ordered him committed to the county jail, but suspended Chapman's commitment and placed him on community supervision until he paid the sums specified in the order.
In March 2003, the State filed another motion for enforcement of child support. A hearing was conducted on the State's motion in June 2003. By order dated June 19, 2003, the trial court found Chapman guilty of civil contempt and ordered that he be committed to the county jail for one hundred eighty days. On December 18, 2003, the date Chapman's commitment was scheduled to begin, the trial court rescinded Chapman's commitment and placed him on community supervision for one hundred twenty months.
In May 2004, the State filed another motion to revoke Chapman's community supervision. On October 7, 2004, the trial court signed an order revoking Chapman's community supervision and again committing him to the county jail. Yet, on that same day, the court signed an order providing for Chapman's conditional release. On October 21, 2004, the court signed an amended conditional release order requiring that Chapman, among other things, (1) pay all regular child support due under the prior order and (2) make all payments on child support arrears as previously ordered.
On January 20, 2005, the trial court conducted a hearing and, finding that Chapman had violated the conditions[1] of his release, signed an order committing him to county jail for one hundred eighty days. This appeal followed.

CONTEMPT
In a portion of his sole issue, Chapman raises arguments concerning the propriety of the trial court's contempt order. We lack jurisdiction to review a contempt order on direct appeal. See Texas Animal Health Comm'n v. R.J. Nunley, 647 S.W.2d 951, 952 (Tex.1983); see also Ex parte Eureste, 725 S.W.2d 214, 216 (Tex.Crim.App.1986) ("There is no remedy or right of appeal from an order of contempt."). Thus, to the extent that it relates to the propriety of the trial court's contempt order, Chapman's sole issue is dismissed for want of jurisdiction.

REVOCATION OF COMMUNITY SUPERVISION
To the extent that Chapman argues that the trial court improperly revoked his community supervision, we may consider such an issue. See, e.g., In the Interest of A.R.M., No. 09-03-570-CV, 2004 WL 2365214, at *1 (Tex.App.-Beaumont Oct.21, 2004, no pet.). Chapman argues that the evidence is insufficient to support the trial court's findings that he violated the terms of his conditional release.[2]
*724 Where an eligible party has filed a motion to revoke community supervision, after a hearing, the court may continue, modify, or revoke the community supervision. See TEX. FAM.CODE ANN. §§ 157.214, 157.216 (Vernon 2002). The only question presented in an appeal from an order revoking community supervision is whether the trial court abused its discretion in revoking the defendant's community supervision. See Lloyd v. State, 574 S.W.2d 159, 160 (Tex.Crim.App. [Panel Op.] 1978). The standard of proof in a revocation proceeding is a preponderance of the evidence. Id. In order to satisfy its burden of proof, the State must prove that the greater weight of the credible evidence before the trial court creates a reasonable belief that a condition of community supervision has been violated as alleged in the motion to revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App.1993). Proof of any one alleged violation is sufficient to support an order revoking community supervision. See O'Neal v. State, 623 S.W.2d 660, 661 (Tex.Crim.App.1981). The trial court is the exclusive judge of the credibility of the witnesses and determines if the allegations in the motion are sufficiently demonstrated. See Greer v. State, 999 S.W.2d 484, 486 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). We review the evidence in the light most favorable to the trial court's order. Id.
In the instant case, the record reflects that Chapman failed to make support payments as ordered. Although Chapman argues that the evidence is "clear, direct and positive" that he "is indigent and totally lacked the ability to pay any child support[,]" such an argument is an affirmative defense to a contempt allegation, see TEX. FAM.CODE ANN. § 157.008(c)(1) (Vernon 2002), a matter which, as set forth above, we are without jurisdiction to consider. See R.J. Nunley, 647 S.W.2d at 952. We iterate that the only question presented in an appeal from an order revoking community supervision is whether the trial court abused its discretion in revoking the defendant's community supervision. See Lloyd, 574 S.W.2d at 160. Moreover, proof of any one alleged violation is sufficient to support an order revoking community supervision. See O'Neal, 623 S.W.2d at 661. Therefore, we hold that since the record reflects that Chapman admittedly did not make child support payments as ordered, the trial court did not abuse its discretion in revoking his community supervision. The remaining portion of Chapman's sole issue is overruled.

DISPOSITION
We dismiss for want of jurisdiction the portions of Chapman's sole issue concerning the propriety of the trial court's contempt order. Having overruled the remainder of Chapman's sole issue, we affirm the trial court's order revoking Chapman's community supervision.
NOTES
[1] Specifically, the trial court found that Chapman violated the terms of his conditional release as follows: (1) failing to pay child support as ordered; (2) failing to attend AA meetings during January 2005 as ordered; (3) failing to keep a log of his AA attendance beginning January 5, 2005; and (4) failing to present a log for one A.A. meeting per week at each court proceeding beginning January 5, 2005.
[2] Contempt proceedings are quasi-criminal in nature. Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex.1967). This rule applies to a contempt proceeding based on failure to make child support payments. See Ex parte Davis, 161 Tex. 561, 344 S.W.2d 153, 156 (Tex. 1961). As such, proceedings in contempt cases should conform as nearly as practicable to those in criminal cases. See Ex parte Sanchez, 703 S.W.2d 955, 957 (Tex.1986). As such, where applicable, we are guided by elements of criminal jurisprudence.