NO. 07-06-0447-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JUNE 5, 2007


______________________________



IN THE INTEREST OF M.D.J., M.D.J., AND M.D.J.


_________________________________



FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;



NO. 02-66; HON. DAVID L. GLEASON, PRESIDING


_______________________________



Memorandum Order of Dismissal


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Michael Jones appeals from orders holding him in contempt and revoking his
previously suspended commitment. He seeks to reverse the "contempt finding" and obtain
his release by contending that he was denied due process and effective counsel at the
hearing. We dismiss for want of jurisdiction. 

 An appellate court may not review a contempt order on direct appeal. Texas Animal
Health Comm'n v. Nunley, 647 S.W.2d 951, 952-53 (Tex. 1983); In re B.C.C., 187 S.W.3d
721, 723 (Tex. App.-Tyler 2006, no pet.); Cadle Co. v. Lobingier, 50 S.W.3d 662, 671
(Tex. App.-Fort Worth 2001, pet. denied). Review occurs through either a petition for writ
of habeas corpus or for writ of mandamus depending upon whether the complainant
suffers confinement. Cadle Co. v. Lobingier, 50 S.W.3d at 671. Therefore, we lack
jurisdiction to consider this appeal and dismiss it.


 Brian Quinn 

 Chief Justice 



nt has neither filed a pro se response nor
moved for an additional extension. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed 
three possible grounds for appeal. First, counsel discusses the sufficiency of the evidence
of murder. Appellant was charged with intentionally and knowingly causing the death of
John Mestas by stabbing him with a knife. See Tex. Pen. Code Ann. §19.02(b)(1) (Vernon
2003). The evidence shows, based on appellant's own testimony, that appellant was
arguing with the victim, picked up a knife, stabbed the victim twice, and he subsequently
died as a result of those wounds. Appellant also testified that immediately prior to the
stabbing, 1) appellant slapped the deceased, 2) he told her she would not do so again, 3)
she shoved him and asked him "what are you going to do," 4) he told her he would "fuck
[her] up," blocked her way, and reached for a drawer where she knew a knife was kept, 5) 
she shoved the drawer closed, and 6) she grabbed her own knife off the bed, opened it up
with both hands, and stabbed him twice. She admitted that at the time she stabbed him,
the drawer with the knife in it was not open and the deceased had nothing in his hand. 
Appellant's own testimony is sufficient to sustain the conviction. 

 Second, counsel discussed whether appellant was entitled to an instruction on self-defense. A defendant is entitled to an instruction on self-defense if the issue is raised by
the evidence, regardless of whether the evidence is strong, weak, unimpeached, or
contradicted and regardless of what the trial court thinks of the credibility of the defense. 
Ferrel v. State, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001). A person is justified in using
force against another when and to the degree she reasonably believes the force is
immediately necessary to protect herself against the other's use or attempted use of
unlawful force. Tex. Pen. Code Ann. §9.31(a) (Vernon 2003). The evidence illustrated that
appellant and the deceased had spent time drinking together for a number of years and
often quarreled and had struck each other in the past when they had been drinking. Both
appellant and the deceased had been drinking that day and there was testimony that the
deceased was intoxicated. Appellant testified that at the moment she grabbed her knife,
she was scared and was afraid the victim was going to get his knife out of the drawer. 
Further, when the deceased blocked her way and moved toward her, she panicked. Even
if it could be said that this evidence was not sufficient to warrant the instruction, appellant
received an instruction based on her theory of the case which was ultimately rejected by
the jury. There was no reversible error. 

 Third, counsel discusses whether appellant was entitled to an instruction at the
punishment phase on sudden passion. Counsel concludes the instruction was properly
given even though appellant's own testimony "precluded the argument." There was
evidence that the stabbing occurred suddenly but that the drinking and arguing between
appellant and the victim had been going on for several hours. If the jury found appellant
caused the death while under the influence of sudden passion, it could have assessed a
punishment of confinement for not more than 20 years nor less than two years. Tex. Pen.
Code Ann. §19.02(d) (Vernon 2003) (stating that if the defendant proves sudden passion
by a preponderance of the evidence, the offense is a felony of the second degree).

The jury obviously did not believe that sudden passion had been proven. Even if the
evidence did not support the instruction, we find no reversible error on the part of the trial
court. 

 We have also conducted our own review of the record pursuant to Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1991) and have found no arguable issue warranting
reversal.

 Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial
court is affirmed.


 Per Curiam

Do not publish.