NUMBER 13-10-00442-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

GENE SEGURA,                                                                            Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 148th
District Court

of Nueces County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza

 

            Appellant, Gene Segura,
appeals from the trial court’s revocation of his community supervision.  See
Tex. Code Crim. Proc. Ann. art.
42.12, § 23 (West Supp. 2010).  By three issues, appellant contends that:  (1)
the evidence is insufficient to support the finding that he violated the terms
of his community supervision by committing felony family violence assault[1];
(2) the trial court abused its discretion in denying his motion for new trial;
and (3) the trial court erred in permitting the State to amend its motion to
revoke after the revocation hearing commenced.  We affirm.

I. 
Background

            On June 25, 2009, pursuant
to a plea bargain, appellant pleaded guilty to criminal mischief, a state jail
felony offense.  See Tex. Penal
Code Ann. § 28.03(a)(1), (b)(4)(A) (West Supp. 2010).  The trial court accepted
appellant’s guilty plea, sentenced him to two years’ imprisonment and assessed
a $500 fine, suspended the prison sentence, and placed him on community
supervision for four years.  

            On April 22, 2010, the
State filed a motion to revoke appellant’s community supervision, alleging
numerous violations, including that he:  (1) committed family violence assault;
and (2) failed to pay restitution, supervision fees, and various other fees,
set forth as five separate allegations in the motion to revoke.  On May 5,
2010, appellant pleaded “not true” to the allegation of family violence assault
and “true” to the remaining five failure-to-pay allegations.  After hearing
evidence, the trial court found all of the State’s allegations “true,” revoked
appellant’s community supervision, and sentenced him to two years’ imprisonment. 


II. 
Standard of Review and Applicable Law

            In a
community supervision revocation hearing, the State need only prove its
allegations by a preponderance of the evidence.  Jones v. State, 112
S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.); Herrera v. State,
951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.) (citing Cobb v.
State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)).  This standard is met
when the greater weight of the credible evidence creates a reasonable belief
that the defendant violated a condition of probation as the State alleged.  In
re B.C.C., 187 S.W.3d 721, 724 (Tex. App.—Tyler 2006, no pet.) (citing Cobb,
851 S.W.2d at 873); see also In re M.A.H., No. 13-07-426-CV, 2008 Tex.
App. LEXIS 6864, at *3–4 (Tex. App.—Corpus Christi Aug. 28, 2008, no pet.)
(mem. op.).  Appellate review of an order revoking community supervision is
limited to a determination of whether the court abused its discretion.  Canseco
v. State, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d).  A single violation of a probation condition is sufficient to support
the trial court's decision to revoke probation.  Id. 

            The trial
court is the trier of facts in a revocation proceeding and the sole judge of
the credibility of witnesses and the weight to be given to the testimony.  Id. 
We examine the record of the revocation proceeding in the light most
favorable to the trial court's ruling.  Id. 

III.  Discussion


            By his
first issue, appellant contends that the evidence was insufficient to support
the finding that he committed family violence assault, as alleged in the
State’s motion to revoke.  By his second issue, appellant contends the trial
court erred in denying his motion for new trial because in the motion, he
presented evidence establishing that the charge of family violence assault had
been dismissed.  The State responds that, even if the evidence was insufficient
to support the finding that appellant committed family violence assault, the
trial court did not abuse its discretion in revoking appellant’s community
supervision because he pleaded “true” to five of the State’s allegations and a
single violation is sufficient to support the trial court’s decision to
revoke.  See id.  We agree.  

            With regard
to the trial court’s denial of appellant’s motion for new trial, we note that
although appellant asserts that “evidence was presented” showing that the State
dismissed the family violence assault charge, nothing in the record supports
appellant’s claim.  No evidence is attached to appellant’s motion and there is
no record of the hearing on the motion for new trial.  Moreover, appellant
cannot show he was harmed by the trial court’s denial of his motion for new
trial because, even if he established that the trial court erred in finding
that he committed family violence assault, the trial court did not abuse its
discretion in revoking appellant’s community supervision based on his pleas of
“true” to the remaining allegations.  See id.  We overrule appellant’s
first and second issues. 

            By his
third issue, appellant contends that the trial court erred in allowing the
State to amend its motion to revoke after the revocation hearing commenced.  We
find appellant’s issue to be without merit.

            At the
revocation hearing, the trial court read each allegation and asked for
appellant’s plea.  The last allegation stated that appellant had failed to pay
$24.00 for urinalysis fees.  The trial court questioned the basis for the
$24.00 fee.  At the trial court’s invitation, the State asked to amend the
allegation to clarify that appellant failed to pay the $24.00 fee, which
represented “two urine analyses at the cost of $12 each.”  Appellant and his
defense counsel both stated that they had no objection to the amendment. 
Appellant then pleaded “true” to the allegation. 

            Appellant
contends the trial court erred in permitting the amendment “after the
commencement of the hearing and testimony of the Appellant had commenced,” in
violation of article 42.12, section 21(b) of the code of criminal procedure.  See
Tex. Code Crim. Proc. Ann. art.
42.12, § 21(b) (West Supp. 2010).  That section provides, in pertinent part:

In a felony case, the state may amend
the motion to revoke community supervision any time up to seven days before the
date of the revocation hearing, after which time the motion may not be amended
except for good cause shown, and in no event may the state amend the motion
after the commencement of taking evidence at the hearing. The judge may
continue the hearing for good cause shown by either the defendant or the state. 


 

Id.  The State argues that
appellant cannot prevail because:  (1) here, the State’s motion was amended before
the taking of any evidence; (2) appellant waived any error by affirmatively
stating that he had no objection and “accept[ed] that amendment”; and (3) any
error is harmless because he pleaded “true” to several other allegations, which
he does not challenge.  

            We need
not decide whether the motion was amended before the taking of any evidence or
whether appellant waived any error because appellant cannot show that he was
harmed.  In Lopez v. State, this Court addressed the harm analysis
applicable to an alleged violation of section 21(b) of article 42.12:

As the Texas Court of Criminal Appeals
has explained, community supervision is a contractual privilege, not a systemic
right, and Lopez does not argue otherwise.  In this case, Lopez complains of a
statutory violation, which is subject to rule 44.2(b)'s harm analysis.  Under
rule 44.2(b), we may not reverse a conviction based on error that does not
affect the defendant's substantial rights.  Lopez has not made such a showing
here.

 

When Lopez appeared at the hearing,
the trial court asked whether he had reviewed the amended motion with his
attorney, and Lopez affirmatively represented that he had.  Lopez then waived
the reading of the motion and pleaded “true” to every allegation in the amended
motion.  There is nothing in the record showing that a continuance of five more
days to allow compliance with the statute would have resulted in a different
plea to any of the alleged violations of community supervision.  See Tex. R. App. P. 44.2(b); see also
Brown v. State, No. 04-04-00465-CR, 2005 Tex. App. LEXIS 4176, [at *2] 2005
WL 1276401, at *1 (Tex. App.—San Antonio June 1, 2005, no pet.) (mem. op., not
designated for publication) (holding that defendant failed to show harm from
violation of article 42.12 section 21(b) by pleading “true” to at least one of
the allegations in the original motion).

 

318 S.W.3d 910,
916–17 (Tex. App.—Corpus Christi 2010, no pet.) (some citations omitted). 

            As in Lopez,
appellant pleaded “true” to several of the State’s allegations, which he does
not challenge, and accordingly, he cannot show that he was harmed by any
alleged violation of article 42.12, section 21(b).  See id.  We overrule
appellant’s third issue. 

IV. 
Conclusion

            We affirm the
trial court’s judgment. 

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

18th
day of August, 2011.









[1]
See Tex. Penal Code Ann. § 22.01
(West Supp. 2010).