

# NUMBER 13-10-00442-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GENE SEGURA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Garza**

Appellant, Gene Segura, appeals from the trial court's revocation of his community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23 (West Supp. 2010). By three issues, appellant contends that: (1) the evidence is insufficient to support the finding that he violated the terms of his community supervision by

committing felony family violence assault[1]; (2) the trial court abused its discretion in denying his motion for new trial; and (3) the trial court erred in permitting the State to amend its motion to revoke after the revocation hearing commenced.  We affirm.

## I. BACKGROUND

On June 25, 2009, pursuant to a plea bargain, appellant pleaded guilty to criminal mischief, a state jail felony offense.  *See* TEX. PENAL CODE ANN. § 28.03(a)(1), (b)(4)(A) (West Supp. 2010).  The trial court accepted appellant's guilty plea, sentenced him to two years' imprisonment and assessed a $500 fine, suspended the prison sentence, and placed him on community supervision for four years.

On April 22, 2010, the State filed a motion to revoke appellant's community supervision, alleging numerous violations, including that he:  (1) committed family violence assault; and (2) failed to pay restitution, supervision fees, and various other fees, set forth as five separate allegations in the motion to revoke.  On May 5, 2010, appellant pleaded "not true" to the allegation of family violence assault and "true" to the remaining five failure-to-pay allegations.  After hearing evidence, the trial court found all of the State's allegations "true," revoked appellant's community supervision, and sentenced him to two years' imprisonment.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a community supervision revocation hearing, the State need only prove its allegations by a preponderance of the evidence.  *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.) (citing *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)).  This standard is met when the greater weight of the credible

---

[1] *See* TEX. PENAL CODE ANN. § 22.01 (West Supp. 2010).

2

evidence creates a reasonable belief that the defendant violated a condition of probation as the State alleged. *In re B.C.C.*, 187 S.W.3d 721, 724 (Tex. App.—Tyler 2006, no pet.) (citing *Cobb*, 851 S.W.2d at 873); *see also In re M.A.H.*, No. 13-07-426-CV, 2008 Tex. App. LEXIS 6864, at *3–4 (Tex. App.—Corpus Christi Aug. 28, 2008, no pet.) (mem. op.). Appellate review of an order revoking community supervision is limited to a determination of whether the court abused its discretion. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). A single violation of a probation condition is sufficient to support the trial court's decision to revoke probation. *Id.*

The trial court is the trier of facts in a revocation proceeding and the sole judge of the credibility of witnesses and the weight to be given to the testimony. *Id.* We examine the record of the revocation proceeding in the light most favorable to the trial court's ruling. *Id.*

### III. DISCUSSION

By his first issue, appellant contends that the evidence was insufficient to support the finding that he committed family violence assault, as alleged in the State's motion to revoke. By his second issue, appellant contends the trial court erred in denying his motion for new trial because in the motion, he presented evidence establishing that the charge of family violence assault had been dismissed. The State responds that, even if the evidence was insufficient to support the finding that appellant committed family violence assault, the trial court did not abuse its discretion in revoking appellant's community supervision because he pleaded "true" to five of the State's allegations and

3

a single violation is sufficient to support the trial court's decision to revoke. *See id.* We agree.

With regard to the trial court's denial of appellant's motion for new trial, we note that although appellant asserts that "evidence was presented" showing that the State dismissed the family violence assault charge, nothing in the record supports appellant's claim. No evidence is attached to appellant's motion and there is no record of the hearing on the motion for new trial. Moreover, appellant cannot show he was harmed by the trial court's denial of his motion for new trial because, even if he established that the trial court erred in finding that he committed family violence assault, the trial court did not abuse its discretion in revoking appellant's community supervision based on his pleas of "true" to the remaining allegations. *See id.* We overrule appellant's first and second issues.

By his third issue, appellant contends that the trial court erred in allowing the State to amend its motion to revoke after the revocation hearing commenced. We find appellant's issue to be without merit.

At the revocation hearing, the trial court read each allegation and asked for appellant's plea. The last allegation stated that appellant had failed to pay $24.00 for urinalysis fees. The trial court questioned the basis for the $24.00 fee. At the trial court's invitation, the State asked to amend the allegation to clarify that appellant failed to pay the $24.00 fee, which represented "two urine analyses at the cost of $12 each." Appellant and his defense counsel both stated that they had no objection to the amendment. Appellant then pleaded "true" to the allegation.

Appellant contends the trial court erred in permitting the amendment "after the commencement of the hearing and testimony of the Appellant had commenced," in violation of article 42.12, section 21(b) of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (West Supp. 2010). That section provides, in pertinent part:

> In a felony case, the state may amend the motion to revoke community supervision any time up to seven days before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown, and in no event may the state amend the motion after the commencement of taking evidence at the hearing. The judge may continue the hearing for good cause shown by either the defendant or the state.

*Id.* The State argues that appellant cannot prevail because: (1) here, the State's motion was amended *before* the taking of any evidence; (2) appellant waived any error by affirmatively stating that he had no objection and "accept[ed] that amendment"; and (3) any error is harmless because he pleaded "true" to several other allegations, which he does not challenge.

We need not decide whether the motion was amended before the taking of any evidence or whether appellant waived any error because appellant cannot show that he was harmed. In *Lopez v. State*, this Court addressed the harm analysis applicable to an alleged violation of section 21(b) of article 42.12:

> As the Texas Court of Criminal Appeals has explained, community supervision is a contractual privilege, not a systemic right, and Lopez does not argue otherwise. In this case, Lopez complains of a statutory violation, which is subject to rule 44.2(b)'s harm analysis. Under rule 44.2(b), we may not reverse a conviction based on error that does not affect the defendant's substantial rights. Lopez has not made such a showing here.
>
> When Lopez appeared at the hearing, the trial court asked whether he had reviewed the amended motion with his attorney, and Lopez affirmatively

5

represented that he had. Lopez then waived the reading of the motion and pleaded "true" to every allegation in the amended motion. There is nothing in the record showing that a continuance of five more days to allow compliance with the statute would have resulted in a different plea to any of the alleged violations of community supervision. *See* TEX. R. APP. P. 44.2(b); *see also Brown v. State*, No. 04-04-00465-CR, 2005 Tex. App. LEXIS 4176, [at *2] 2005 WL 1276401, at *1 (Tex. App.—San Antonio June 1, 2005, no pet.) (mem. op., not designated for publication) (holding that defendant failed to show harm from violation of article 42.12 section 21(b) by pleading "true" to at least one of the allegations in the original motion).

318 S.W.3d 910, 916–17 (Tex. App.—Corpus Christi 2010, no pet.) (some citations omitted).

As in *Lopez*, appellant pleaded "true" to several of the State's allegations, which he does not challenge, and accordingly, he cannot show that he was harmed by any alleged violation of article 42.12, section 21(b). *See id.* We overrule appellant's third issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
18th day of August, 2011.