

# NUMBER 13-11-00727-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JULIO CESAR ESCAMILLA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## On appeal from the 25th District Court
## of Gonzales County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

Appellant, Julio Cesar Escamilla, appeals from the trial court's revocation of his community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23 (West Supp. 2011). By one issue, appellant contends the evidence is "legally and factually insufficient to support the finding by a preponderance that [he] committed either the offense of burglary of a habitation or of unlawful possession of a firearm." Because the

trial court did not abuse its discretion, we affirm.

## I. BACKGROUND

Appellant was indicted on two counts of aggravated assault with a deadly weapon-habitual offender. *See* TEX. PENAL CODE ANN. §§ 12.42, 22.02 (West 2005). On November 20, 2006, appellant pleaded no contest and entered into a plea agreement. The trial court accepted appellant's plea, deferred further proceedings and placed him on deferred adjudication community supervision for ten years. The conditions of appellant's community supervision were modified on December 18, 2008.

On May 10, 2011, the State filed its second amended motion to adjudicate guilt, alleging twelve violations of the terms and conditions of appellant's community supervision. Appellant pleaded "true" to the third violation and "not true" to the remaining eleven alleged violations. After hearing evidence, the trial court found all of the State's allegations "true" with the exception of one,[1] revoked appellant's community supervision, adjudicated him guilty and sentenced him to life imprisonment.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a community supervision revocation hearing, the State need only prove its allegations by a preponderance of the evidence. *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.); *Herrera v. State*, 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.) (citing *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of

---

[1] Allegation number 5 alleged that Escamilla violated the 19th condition of his probation in that he failed to provide verification of working the required community service hours for the months of June 2010, July 2010, August 2010, September 2010, October 2010, and November 2010, and is delinquent 42.50 hours of community service restitution. The court did not find this allegation to be true.

2

probation as the State alleged.  *In re B.C.C.*, 187 S.W.3d 721, 724 (Tex. App.—Tyler 2006, no pet.) (citing *Cobb*, 851 S.W.2d at 873); *see also In re M.A.H.*, No. 13-07-426-CV, 2008 Tex. App. LEXIS 6864, at \*3–4 (Tex. App.—Corpus Christi Aug. 28, 2008, no pet.) (mem. op.).  Appellate review of an order revoking community supervision is limited to a determination of whether the court abused its discretion.  *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).  Proof of a single violation of a probation condition is sufficient to support the trial court's decision to revoke probation.  *Id.*

The trial court is the trier of facts in a revocation proceeding and the sole judge of the credibility of witnesses and the weight to be given to their testimony.  *Id.*  We examine the record of the revocation proceeding in the light most favorable to the trial court's ruling.  *Id.*

### III. DISCUSSION

By his only issue, appellant argues the evidence was legally and factually insufficient to support the trial court's finding that he committed either the offense of burglary of a habitation or of unlawful possession of a firearm.  Even if we were to consider appellant's argument, we cannot overlook his plea of "true" to one of the alleged violations.[2]  Proof of a single violation of a probation condition is sufficient to support the trial court's decision to revoke probation.  *Id.*

Appellant acknowledges his plea of "true" to the violation as alleged by the State but argues "the gravity of the technical violations as alleged come nowhere close to the

---

[2] Appellant pled "true" to the third alleged violation, which contended that Escamilla violated the sixth condition of his probation in that he failed to report to the Gonzales County Community Supervision and Corrections Department as directed on June 28, 2010 and September 13, 2010, and for the months of October 2010 and November 2010, and has absconded supervision.

3

gravity of burglary of a habitation and unlawful possession of a firearm. Therefore, the sentence of life imprisonment was completely incommensurate with the technical violations that the court found true." Appellant fails to cite to authority that permits this Court to compare the "gravity" of the violations of community supervision in determining whether the trial court abused its discretion. Because a single violation is sufficient to support a trial court's decision to revoke, we cannot say the trial court abused its discretion. *See id.*

We overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
2nd day of August, 2012

4