TEXAS ANIMAL HEALTH COMMISSION, Petitioner,

v.

R.J. NUNLEY, Respondent.

No. C–1622.

Supreme Court of Texas.

March 30, 1983.

Jim Mattox, Atty. Gen., Brown, Maroney, Rose, Baker & Barber, Scott R. Kidd, Austin, for petitioner.

Clark, Thomas, Winters & Shapiro, Mary Joe Carroll, Austin, Atlas & Hall, Morris Atlas, McAllen, for respondent.

ROBERTSON, Justice.

This is an appeal from a purported contempt order issued by the district court prohibiting the Texas Animal Health Commission from enforcing its bovine brucellosis program against R.J. Nunley. The court of appeals, in an unpublished opinion pursuant to Rule 452, dismissed the case for want of jurisdiction since judgments of contempt are not appealable orders. We reform the order of the trial court and in all other respects affirm the judgment of the court of appeals.

In 1979 Nunley sued to enjoin the Commission from enforcing the provisions of Texas Revised Civil Statutes Annotated, article 7014f–1 § 23A and the Commission's rules and regulations involving the disease of bovine brucellosis. The district court granted a permanent injunction against the Commission. This judgment became final after the Commission failed to timely perfect its appeal.

New regulations were adopted by the Commission in 1980 relating to the control of bovine brucellosis. When the Commission attempted to implement the new program against Nunley, he sought to have the Commission held in contempt for violating the 1979 permanent injunction. The district court, in January 1981, found the Commission in contempt. The contempt portion of the order is not contested; however, language in the order expanding the 1979 injunction is being challenged. The relevant portions of that order state:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by this Court that the Texas Animal Health Commission, its executive director, Dr. John W. Holcomb, its Commissioners, officers, agents, representatives and those acting in concert with them, shall not in any manner, directly or indirectly, attempt to enforce against R.J. Nunley *any provision of Article 7014f–1,* Vernon's Texas Civil Statutes, dealing with brucellosis, or any rule or regulation promulgated, adopted or issued by the Texas Animal Health Commission, *including past, present or future rules or regulations involving bovine brucellosis, passed pursuant to Article 7014f–1.*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by this Court that the Texas Animal Health Commission, its executive director, Dr. John W. Holcomb, its Commissioners, officers, agents and representatives, and those acting in concert with them, immediately cease and desist from any further activities designed, calculated or which have the effect of attempting to enforce, implement or cause R.J. Nunley to comply with Article 7014f–1, Vernon's Texas Civil Statutes, *or any rules or regulations of the Texas Animal Health Commission involving bovine brucellosis,* including, but not limited to, harassing or intimidating purchasers or prospective purchasers of cattle from R.J. Nunley and from seeking or cooperating with others in seeking to circumvent previous final orders of this Court or of this order, in other court actions. (emphasis added).

This language enlarged upon the 1979 injunction by ordering that no past, present, or future rules under Article 7014f–1 relating to brucellosis can ever be enforced against Nunley.

 We agree with the holding of the court of appeals that it lacked jurisdiction to review the contempt order. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956). However, as conceded by Nunley, the trial court's judgment went beyond a contempt order by granting injunctive relief not requested by the pleadings or stipulated evidence of the parties. The trial court was without authority to grant such relief. *Oil Field Haulers Association v. Railroad Commission,* 381 S.W.2d 183, 191 (Tex.1964).

Therefore, we reform the contempt order of the trial court and strike the above-quoted paragraphs granting injunctive relief. In all other respects we affirm the judgment of the court of appeals which dismissed the attempted appeal from a contempt adjudication for want of jurisdiction.