11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

                                                                              

Wall Street
Deli, Inc. f/k/a Sandwich Chef of Texas, Inc. et al

Appellants

Vs.      
            No. 11-02-00106-CV  -- 
Appeal from Dallas County

Boston Old
Colony Insurance Company et al

Appellees

 

Appellees
have filed in this court a motion to dismiss the appeal for want of
jurisdiction.  We agree that the appeal
must be dismissed.  

Wall
Street Deli, Inc. f/k/a Sandwich Chef of Texas, Inc. (Wall Street) and its
attorneys, Randy J. McClanahan, Scott M. Clearman, and McClanahan &
Clearman, L.L.P., attempt to appeal from two orders entered by the trial
court:  an AOrder Requiring Performance of Obligations
Imposed by Final Judgment@ and a ASecond Order Requiring Performance of
Obligations Imposed by Final Judgment.@  The trial court entered the
orders to bind appellants to the terms of the final judgment entered in 1996
based upon the parties=
settlement agreement.  The settlement
agreement, which was incorporated into the trial court=s judgment, prohibited the parties in this
class-action lawsuit from using the settlement negotiations, the pleadings, any
actions related to the settlement agreement, or the settlement agreement itself
as evidence or otherwise Ato argue that a court should or should not certify a contested or
opposed class against any of the Settling Defendants [appellees] in the
Lawsuits or in any other proceeding.@  In a subsequent lawsuit filed
in federal court as a class action by appellants against various defendants
including all but one of the ASettling Defendants,@ Wall Street used the settlement agreement in its efforts to certify a
plaintiff class.  








In order
to enforce the 1996 judgment in this case, appellees first attempted to obtain
an emergency injunction prohibiting appellants from using the settlement
agreement to argue for class certification in the federal case.  That motion was denied.  Appellees subsequently filed a motion for
contempt against appellants for their use of the settlement agreement in the
federal case.  After a hearing
addressing discovery issues regarding the pending contempt allegation, the
trial court entered the first order at issue in this appeal.  As stated in the trial court=s docket sheet, the order Aproperly reflects the court=s opinion re:  use of the settlement agreement.@  The second order at issue on
appeal was entered after appellants stated their intent to use the settlement
agreement to argue in the interlocutory appeal to the Fifth Circuit that the
federal district court properly certified the plaintiff class.  

The orders
at issue in this case, which were entered on July 30, 2001, and February 28,
2002, purport to construe the provisions of the settlement agreement and to
bind the parties and their attorneys. 
The orders provide that the parties may not, A[f]rom this day forward,@ use the settlement agreement as a basis for
arguing that a court should or should not certify a contested or opposed class
against any of the settling defendants. 
The second order provides additionally that the parties may not use the
settlement agreement to argue that a court should affirm, reverse, modify, or
vacate any order certifying or refusing to certify such a class.  The orders also provide that the settlement
agreement does not prohibit the settling defendants from using the settlement
agreement to establish a defense such as release, accord and satisfaction, or
res judicata.  Finally, the orders
provide that, to the extent that any provision in the earlier order denying the
emergency motion is inconsistent with these orders, these orders Ashall control.@  








We hold
that the orders from which appellants attempt to appeal are not final judgments
susceptible to appeal.  A trial court
has the power to enforce its judgments even after its plenary power has
expired.  Arndt v. Farris, 633 S.W.2d
497, 499 (Tex.1982); see TEX.R.CIV.P. 308; TEX. GOV=T CODE ANN. ' 21.001(a) (Vernon Supp. 2003). 
However, an order made for the purpose of carrying into effect a prior
judgment is not a final judgment and Acannot be appealed from.@  Wagner v. Warnasch, 295 S.W.2d
890, 893 (Tex.1956); see TEX. CIV. PRAC. & REM. CODE ANN. ' 51.012 (Vernon 1997).  Consequently, to the extent that the orders
at issue in this appeal merely reflect the trial court=s opinion regarding the permitted and
prohibited uses of the settlement agreement or an admonition as to how the
trial court will interpret the settlement agreement for purposes of a motion
for contempt, the orders were made for the purpose of enforcing the trial court=s judgment and, as such, are not final,
appealable judgments.  See Wagner v.
Warnasch, supra.  Furthermore, although
we do not perceive the trial court=s orders as an attempt to modify the final judgment in this case, we
note appellants= contention that the orders impermissibly
modify the judgment.  The trial court=s plenary power to modify the judgment in
this case had long since expired. 
TEX.R.CIV.P. 329b.  Thus, the trial
court had no jurisdiction to modify the judgment.  Rule 329b; State ex rel. Latty v. Owens, 907 S.W.2d 484, 486
(Tex.1995); see Texas Animal Health Commission v. Nunley, 647 S.W.2d 951
(Tex.1983).  To the extent that the
orders attempt to modify the judgment that became final in 1996, the orders are
void.  In an appeal from a void
judgment, the appellate court may declare the judgment void and Ashould@ dismiss the appeal for lack of jurisdiction.  State ex rel. Latty v. Owens, supra.  

Appellees= motion is granted, and the appeal is
dismissed for want of jurisdiction.  

 

JIM R. WRIGHT 

JUSTICE

February 6, 2003

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.