Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JOE ALAN VERNON,                                    )                  No. 08-04-00347-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  143rd District Court
)
HELEN LUSTER VERNON,                             )                  of Reeves County, Texas
)
                                    Appellee.                          )                  (TC# 01-11-17216-CVR)

O P I N I O N

            Joe Alan Vernon appeals an order holding him in contempt for failure to pay child support. 
We dismiss the attempted appeal for want of jurisdiction.
FACTUAL SUMMARY
            The trial court entered a final decree of divorce on February 8, 2002, requiring Appellant to
pay child support in the amount of $1,000 per month for his two children. Appellant did not
regularly pay his support obligations and in January 2003, the trial court reduced support to $300 per
month.


 From September 1, 2002 through September 1, 2004, Appellant did not pay any child
support except for March 2004 when a “FED OFFSET” in the amount of $1,101 was applied to the
balance by the Attorney General’s Child Support Enforcement Division. Appellant later filed
another motion to modify which was denied on March 12, 2004. Appellant filed a timely notice of
appeal from that order which has been docketed as Joe Alan Vernon v. Helen Luster Vernon and
assigned the docket number 08-04-00140-CV.



            On March 30, 2004, the Attorney General filed a motion for enforcement. The Title IV-D
associate judge signed a proposed enforcement order, but Appellant appealed to the district court. 
On September 22, 2004, the district court signed an enforcement order which: (1) confirmed a child
support arrearage of $8,900.05 as of August 31, 2004 and granted judgment against Appellant in that
amount in favor of the Attorney General’s Office; and (2) found Appellant in criminal contempt for
his failure to pay support on January 1, 2003, February 1, 2003, and March 1, 2003, ordered him
committed to the county jail for 180 days for each separate act of contempt. The district court
suspended the commitment and placed Appellant on community supervision for a period of 120
months. In the portion of the order entitled “Coercive Contempt,” the trial court found that
Appellant was able to pay the arrearage and ordered him committed to the county jail until he paid,
but deferred the commitment order until a compliance hearing could be held on December 9, 2004,
in order to assess Appellant’s compliance with the terms and conditions of community supervision. 
Appellant filed a notice of appeal from the enforcement order.
JURISDICTION
            In this appeal, Appellant raises two issues challenging the contempt order. A court of appeals
lacks jurisdiction to review a contempt order on direct appeal. Texas Animal Health Commission
v. Nunley, 647 S.W.2d 951, 952 (Tex. 1983). Instead, the validity of a contempt order must be
considered upon application for a writ of habeas corpus. Ex parte Williams, 690 S.W.2d 243, 243
n.1 (Tex. 1985); Krone v. Krone, No. 08-03-00144-CV, 2004 WL 1282646 (Tex.App.--El Paso
2004, pet. denied). The appeal is dismissed for want of jurisdiction.


November 3, 2005                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.