

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 2-09-045-CV

TERRI S. HOLLOWAY                                                  APPELLANT

V.

JOHN PAUL LAND, JR.                                                 APPELLEE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

After their divorce, Appellant Terri S. Holloway and her ex-husband, Appellee John Paul Land, Jr., filed competing motions for enforcement. The trial court held Land in contempt and awarded both parties money judgments and attorney's fees. Holloway appeals, contending in four points that the trial court had no jurisdiction to sign the amended order on the petitions for enforcement, that the trial court erred by signing three judgments, that the evidence is legally and factually insufficient to

---

[1] *See* Tex. R. App. P. 47.4.

support the judgment against her, and that the trial court erred by allowing Land to impermissibly testify about the value of personal property awarded to him in the decree.[2] Holloway also complains in two points that the contempt order is vague and void, that the contempt fine imposed against Land is too small, and that she should have been awarded attorney's fees and costs for prosecuting the contempt proceeding.[3] Because we agree that the trial court lacked plenary jurisdiction to sign the amended order and because we have no appellate jurisdiction to address Holloway's complaints about the contempt order, we dismiss this appeal for want of jurisdiction.

## I. Background Facts

In November 2007, Land and Holloway entered into a rule 11 agreement regarding the terms of their pending divorce, and the trial court approved the agreement. In December 2007, the trial court signed an agreed final decree of divorce ordering Land to pay Holloway $5,000 monthly (in two installments of $2,500 each) for six months. The trial court further awarded certain personal property to Land and ordered Holloway to deliver the property to him at a specific place and time.

After the divorce, both parties filed petitions for enforcement. Holloway alleged in her petition that Land had failed to make eight of the ordered $2,500

---

[2] *See* Terri S. Holloway's First Amended Appellant's Brief at 13.

[3] *See id.*

2

payments to her. Land alleged that Holloway had failed to deliver specific items of personal property that had been awarded to him in the decree.

The trial court held a hearing on the motions on September 25, 2008. Land stipulated that he had failed to make the eight payments totaling $20,000. Both parties testified about the personal property that Land alleged Holloway had not delivered to him. The attorneys testified about their attorney's fees. At the end of the hearing, the trial court signed Land's proposed order awarding $20,000 to Holloway and $14,750 to Land. The court then rendered judgment that each party would be responsible for his or her own costs but would pay the other party $4,000 in attorney's fees, but Land's proposed order already signed by the court had recited that each party would be responsible for his or her own attorney's fees. The trial court therefore instructed Land's attorney to prepare a new order that would order each party to bear his or her own costs and to recover $4,000 in attorney's fees from the other party. The trial court instructed Holloway's attorney to prepare the contempt order. The record does not indicate that a postjudgment motion extending the trial court's plenary power was filed.

On November 14, 2008, the trial court signed an amended order on the petitions to enforce, awarding Holloway $20,000 and Land $14,750 and ordering each party to pay the other $4,000 in attorney's fees and to pay his or her own costs. A handwritten sentence on the order and before the trial judge's signature states,

"This order supercedes and replaces that certain 'Order on Petitions for Enforcement' signed Sept. 25, 2008."

Also on November 14, the trial court signed a separate order holding Land in contempt for his failure to pay the eight $2,500 payments. The court fined Land $480 for contempt and ordered that he could purge himself of contempt by paying the $24,000 owed Holloway directly to her attorney's office within thirty days of the order.

Holloway filed a motion for new trial after the trial court signed the amended order. After the motion for new trial was denied, she filed a notice of appeal.

## II. Jurisdiction

In her third point, Holloway contends that the trial court lacked jurisdiction to sign the amended order on the petitions for enforcement because it had lost plenary power in that the original order signed September 25, 2008, was a final order disposing of all the issues and parties. We agree:

> [T]he language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. It is not enough, of course, that the order or judgment merely use the word "final". The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. But if that intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment. . . .
>
>    . . . .

4

> [I]f the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final.[4]

The judgment entered September 25, 2008, entitled "Order on Petitions for Enforcement," appears final. It grants a money judgment to each party, plus interest, and it orders each party to pay his or her own attorney's fees and costs. Accordingly, we hold that the September 25, 2008 judgment is the trial court's final judgment.

A judgment cannot be vacated by oral pronouncement or written docket entry; a trial court must vacate a judgment by signing a written order.[5] Nothing in the record indicates that the trial court signed a written order vacating the September 25, 2008 judgment within its plenary power. Further, the record does not indicate that a postjudgment motion extending the trial court's plenary power was filed. Consequently, as Land points out, Holloway's notice of appeal, filed February 12, 2009, is untimely.[6] We therefore have no jurisdiction to address Holloway's first four points.

---

[4] *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200, 206 (Tex. 2001).

[5] *See* Tex. R. Civ. P. 329b(c); *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993) (orig. proceeding).

[6] *See* Tex. R. App. P. 26.1(a)(1).

Further, we have no jurisdiction to address Holloway's complaints about the contempt order, signed November 14, 2008, on appeal.[7]

## III.  Conclusion

Because we have no jurisdiction to address any of Holloway's points, we dismiss this appeal for want of jurisdiction.[8]

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  June 24, 2010

---

[7] *See In re Office of Att'y Gen. of Tex.*, 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding) (noting that there is no appeal from contempt order or a refusal to hold someone in contempt); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) (noting that contempt orders are not appealable); *see also Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983) (agreeing that court of appeals had no jurisdiction to review contempt order on appeal).

[8] *See* Tex. R. App. P. 43.2(f).