COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-045-CV

 

 

TERRI S. HOLLOWAY                                                                       APPELLANT

 

                                                             V.

 

JOHN PAUL LAND, JR.                                                                        APPELLEE

 

                                                       ------------

 

                FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








After
their divorce, Appellant Terri S. Holloway and her ex-husband, Appellee John
Paul Land, Jr., filed competing motions for enforcement.  The trial court held Land in contempt and
awarded both parties money judgments and attorney=s
fees.  Holloway appeals, contending in
four points that the trial court had no jurisdiction to sign the amended order
on the petitions for enforcement, that the trial court erred by signing three
judgments, that the evidence is legally and factually insufficient to support
the judgment against her, and that the trial court erred by allowing Land to
impermissibly testify about the value of personal property awarded to him in
the decree.[2]  Holloway also complains in two points that
the contempt order is vague and void, that the contempt fine imposed against
Land is too small, and that she should have been awarded attorney=s
fees and costs for prosecuting the contempt proceeding.[3]  Because we agree that the trial court lacked
plenary jurisdiction to sign the amended order and because we have no appellate
jurisdiction to address Holloway=s
complaints about the contempt order, we dismiss this appeal for want of
jurisdiction. 

I.  Background Facts

In
November 2007, Land and Holloway entered into a rule 11 agreement regarding the
terms of their pending divorce, and the trial court approved the
agreement.  In December 2007, the trial
court signed an agreed final decree of divorce ordering Land to pay Holloway
$5,000 monthly (in two installments of $2,500 each) for six months.  The trial court further awarded certain
personal property to Land and ordered Holloway to deliver the property to him
at a specific place and time.








After
the divorce, both parties filed petitions for enforcement.  Holloway alleged in her petition that Land
had failed to make eight of the ordered $2,500 payments to her.  Land alleged that Holloway had failed to
deliver specific items of personal property that had been awarded to him in the
decree.

The
trial court held a hearing on the motions on September 25, 2008.  Land stipulated that he had failed to make
the eight payments totaling $20,000. 
Both parties testified about the personal property that Land alleged
Holloway had not delivered to him.  The
attorneys testified about their attorney=s
fees.  At the end of the hearing, the
trial court signed Land=s proposed order awarding
$20,000 to Holloway and $14,750 to Land. 
The court then rendered judgment that each party would be responsible
for his or her own costs but would pay the other party $4,000 in attorney=s
fees, but Land=s
proposed order already signed by the court had recited that each party would be
responsible for his or her own attorney=s
fees.  The trial court therefore
instructed Land=s attorney to prepare a new
order that would order each party to bear his or her own costs and to recover
$4,000 in attorney=s fees from the other
party.  The trial court instructed
Holloway=s
attorney to prepare the contempt order. 
The record does not indicate that a postjudgment motion extending the
trial court=s
plenary power was filed.








On
November 14, 2008, the trial court signed an amended order on the petitions to
enforce, awarding Holloway $20,000 and Land $14,750 and ordering each party to
pay the other $4,000 in attorney=s
fees and to pay his or her own costs.  A
handwritten sentence on the order and before the trial judge=s
signature states, AThis order supercedes and
replaces that certain >Order on Petitions for
Enforcement=
signed Sept. 25, 2008.@

Also
on November 14, the trial court signed a separate order holding Land in
contempt for his failure to pay the eight $2,500 payments.  The court fined Land $480 for contempt and
ordered that he could purge himself of contempt by paying the $24,000 owed
Holloway directly to her attorney=s
office within thirty days of the order.

Holloway
filed a motion for new trial after the trial court signed the amended
order.  After the motion for new trial
was denied, she filed a notice of appeal.

II.  Jurisdiction

In her third point, Holloway contends that
the trial court lacked jurisdiction to sign the amended order on the petitions
for enforcement because it had lost plenary power in that the original order
signed September 25, 2008, was a final order disposing of all the issues and
parties.  We agree:  

 

[T]he
language of an order or judgment can make it final, even though it
should have been interlocutory, if that language expressly disposes of all
claims and all parties.  It is not
enough, of course, that the order or judgment merely use the word Afinal@.  The intent to finally dispose of the case
must be unequivocally expressed in the words of the order itself.  But if that intent is clear from the order,
then the order is final and appealable, even though the record does not provide
an adequate basis for rendition of judgment. . . .

 

. . . .

 








[I]f
the language of the order is clear and unequivocal, it must be given effect
despite any other indications that one or more parties did not intend for the
judgment to be final.[4]

 

The judgment entered
September 25, 2008, entitled AOrder
on Petitions for Enforcement,@
appears final.  It grants a money
judgment to each party, plus interest, and it orders each party to pay his or
her own attorney=s fees and costs.  Accordingly, we hold that the September 25,
2008 judgment is the trial court=s
final judgment.

A
judgment cannot be vacated by oral pronouncement or written docket entry; a
trial court must vacate a judgment by signing a written order.[5]  Nothing in the record indicates that the
trial court signed a written order vacating the September 25, 2008 judgment
within its plenary power.  Further, the
record does not indicate that a postjudgment motion extending the trial court=s
plenary power was filed.  Consequently,
as Land points out, Holloway=s
notice of appeal, filed February 12, 2009, is untimely.[6]  We therefore have no jurisdiction to address
Holloway=s
first four points.








Further,
we have no jurisdiction to address Holloway=s
complaints about the contempt order, signed November 14, 2008, on appeal.[7]  

III.  Conclusion

Because
we have no jurisdiction to address any of Holloway=s
points, we dismiss this appeal for want of jurisdiction.[8]

 

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and MCCOY, JJ.

DELIVERED:  June 24, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Terri S. Holloway=s First Amended
Appellant=s Brief at 13.





[3]See id.





[4]Lehmann v. Har‑Con
Corp.,
39 S.W.3d 191, 200, 206 (Tex. 2001).





[5]See Tex. R. Civ. P.
329b(c); Faulkner v. Culver, 851 S.W.2d 187, 188 (Tex. 1993) (orig.
proceeding).





[6]See Tex. R. App. P.
26.1(a)(1).





[7]See In re Office of
Att=y Gen. of Tex., 215 S.W.3d 913, 915B16 (Tex. App.CFort Worth 2007,
orig. proceeding) (noting that there is no appeal from contempt order or a
refusal to hold someone in contempt); Cadle Co. v. Lobingier, 50 S.W.3d
662, 671 (Tex. App.CFort Worth 2001, pet.
denied) (noting that contempt orders are not appealable); see also Tex.
Animal Health Comm=n v. Nunley, 647 S.W.2d 951, 952
(Tex. 1983) (agreeing that court of appeals had no jurisdiction to review
contempt order on appeal).





[8]See Tex. R. App. P.
43.2(f).