# NO. 12-11-00383-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 321ST* |
| *B.J.H.-T.,* | § | *JUDICIAL DISTRICT COURT* |
| *A CHILD* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

M.E.T., who is pro se, appeals from the trial court's order enforcing child possession or access by contempt and modifying the terms of a permanent injunction and child possession. M.E.T. raises four issues on appeal. We dismiss for want of jurisdiction.

## BACKGROUND

On November 9, 2009, L.H. filed her first motion for enforcement against M.E.T. for violating a February 25, 2009 permanent injunction.[1] She also filed several amended motions for enforcement between November 2009 and August 2011. The trial court conducted a hearing on L.H.'s live amended motion for enforcement on November 2, 2011, and held M.E.T. in contempt for willfully failing to comply with several provisions of the permanent injunction. Additionally, the court ordered that M.E.T. be fined $2,500, confined for three days, and required to pay court costs and L.H.'s attorney's fees for violating the court's February 25, 2009 order.

In his first three issues, M.E.T. challenges the trial court's actions arising from the contempt proceeding.[2] In his fourth issue, M.E.T. contends that he was denied a fair, neutral, and impartial judge because his motion to recuse was denied.

---

[1] The permanent injunction, which is the subject of this enforcement proceeding, was affirmed in *In re B.J.H.-T.*, No. 12-09-00157-CV, 2011 WL 721511 (Tex. App.—Tyler Mar. 2, 2011, pet. denied) (mem. op.).

JURISDICTION

Appellate courts do not have jurisdiction to review contempt proceedings on direct appeal. *See Texas Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983); *In re Rich*, 993 S.W.2d 272, 274 (Tex. App.—San Antonio 1999, no pet.). Generally, a contempt order is reviewable only by a petition for writ of habeas corpus (if the person in contempt is confined) or a petition for writ of mandamus (if no confinement is involved). *Hutchins v. State*, No. 12-09-00258-CV, 2010 WL 3249858, at *1 (Tex. App.—Tyler Aug. 18, 2010, no pet.) (mem. op.). Some courts of appeals will consider rulings made simultaneously to a contempt order that do not arise from the contempt action and consider only those portions of the order relating to those rulings. *See, e.g.*, *In re Rich*, 993 S.W.2d at 274. But the El Paso court of appeals has held that it does not have jurisdiction of an appeal of a contempt order regardless of whether the court made additional rulings not requested by the pleadings. *See Smith v. Holder*, 756 S.W.2d 9, 11 (Tex. App.—El Paso 1988, no pet.) (reasoning that a contemnor should not be allowed to "pick and choose until [he] finds a way to file a direct appeal [because an appeal] still represents a direct attack on a contempt order which should not be allowed").

The supreme court has suggested, however, that an appellate court may reform a contempt order that goes beyond the pleadings. *See Nunley*, 647 S.W.2d at 952-53. In *Nunley*, the trial court held a state agency in contempt and granted injunctive relief that was not requested in either party's pleadings. *Id*. The supreme court reformed the judgment by striking the portion that granted injunctive relief reasoning that "[t]he trial court was without authority to grant such relief." *Id*. at 952.

---

[2] M.E.T. frames his first three issues as follows:

1. Does TEX. FAM. CODE §§ 155.001-155.003 grant a court authority to modify a prior final order in a suit affecting parent-child relation when the court's plenary power over the order has expired and no new pleadings, cast in terms of the care, custody and control of a minor child, have been filed to initiate a new suit affecting parent child relationship?

2. Did the trial court deny Respondent's procedural Due Process rights and err in issuing, *sua sponte*, an order modifying parent-child relationship finding that the conditions of the child or a conservator have materially changed and that the modification is in the best interest of the child, and granting *sua sponte* permanent injunctive relief when there was neither [] legally nor factually sufficient evidence to support judgment?

3. Did the court improperly sustain Movant's objection to admittance of video evidence of threat of retaliation by Movant's witness [K.T.] against Respondent when Respondent asserted that evidence would prove that witness had motive to perjure testimony?

2

Here, L.H. alleged in her motion for enforcement that M.E.T. had violated the restrictions relating to B.J.H.-T.'s exchange and M.E.T.'s threatening behavior towards L.H. After hearing the parties' closing arguments, the trial court explained that the court's permanent injunction was an effort to "lower the conflict" between the parties. The court then ruled that M.E.T. violated the injunction and announced his punishment. The court also imposed additional restrictions relating to B.J.H.-T.'s exchange and prohibited M.E.T. from being within two miles of L.H.'s residence or place of employment "because we have so much problems [sic] with visitation."

The trial court's injunctive relief arose from the contempt proceeding, during which L.H. presented testimony that, since the permanent injunction was originally issued, heightened conflict had arisen between B.J.H.-T.'s parents during exchanges and during L.H.'s possession of B.J.H.-T. Thus, the relief challenged by M.E.T. is not reviewable even under the rule set forth in *In re Rich*. *See In re Rich*, 993 S.W.2d at 274 (considering rulings not arising from contempt action). Furthermore, in suits affecting the parent-child relationship, when the best interest of the child is always the overriding consideration, technical rules of pleading and practice are of little importance, and fair notice is afforded when the pleadings generally invoke the court's jurisdiction over custody and control of the children. *In re Macalik*, 13 S.W.3d 43, 45 (Tex. App.—Texarkana 1999, no pet.); *MacCallum v. MacCallum*, 801 S.W.2d 579, 586 (Tex. App.—Corpus Christi 1990, writ denied) ("Pleadings are of little importance in child custody cases and the trial court's efforts to exercise broad, equitable powers in determining what will be best for the future welfare of a child should be unhampered by narrow technical rulings."). Accordingly, we do not reform the contempt order because the trial court had the authority to grant the injunctive relief to protect B.J.H.-T.'s best interest. *See Nunley*, 647 S.W.2d at 952; *In re Macalik*, 13 S.W.3d at 45; *MacCallum*, 801 S.W.2d at 586; *see also In re B.J.H.-T.*, No. 12-09-00157-CV, 2011 WL 721511, at *1-2 (Tex. App.—Tyler Mar. 2, 2011, pet. denied) (mem. op.). Therefore, M.E.T.'s first three issues must be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Nunley*, 647 S.W.2d at 952; *Holder*, 756 S.W.2d at 11.

## ORDER DENYING MOTION TO RECUSE

Prior to the contempt proceeding, M.E.T. filed a motion to recuse that was denied by an assigned judge on September 9, 2011. M.E.T. contends that because his motion was denied, he was deprived of a fair, neutral, and impartial judge.

An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment. *See* TEX. R. CIV. P. 18a (j)(1)(A). A contempt order is not a final judgment. ***In re Office of Attorney Gen. of Tex.***, 215 S.W.3d 913, 916 (Tex. App.—Fort Worth 2007, no pet.). Because the contempt order is not a final judgment, M.E.T.'s fourth issue must also be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

## DISPOSITION

Because we have no jurisdiction to review contempt orders by direct appeal and no jurisdiction to review a motion to recuse absent a final judgment, M.E.T.'s appeal is ***dismissed for want of jurisdiction***.

JAMES T. WORTHEN
Chief Justice

Opinion delivered April 17, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 17, 2013**

**NO. 12-11-00383-CV**

**IN THE INTEREST OF B.J.H.-T., A CHILD**

Appeal from the 321st Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 07-0994-D)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*