# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00464-CV

**Apolonia Coronado, Appellant**

**v.**

**Earnest Roy Jones and Cathy Hiilsmeier Jones, Appellees**

### FROM THE DISTRICT COURT OF SAN SABA COUNTY, 424TH JUDICIAL DISTRICT
### NO. 9189, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Apolonia Coronado appeals from a trial court order, titled "Judgment of Contempt and Order of Commitment," finding Coronado in contempt of court for failing to comply with the terms of a Rule 11 agreement settling a dispute between Coronado and appellees Earnest Roy Jones and Cathy Hiilsmeier Jones. Contempt orders such as this one that do not involve confinement cannot be reviewed on direct appeal and can only be reviewed by mandamus. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam) ("Contempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus."); *Texas Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983) (appellate courts do not have jurisdiction to review contempt orders on direct appeal). However, requiring the filing of a separate mandamus proceeding under the circumstances before us, including that the case has been briefed and both the clerk's and reporter's records have been filed, would

unnecessarily waste the parties' time and additional judicial resources. We will, therefore, construe Coronado's briefing as an attempt to invoke our original jurisdiction by way of a petition for writ of mandamus. *See Haffelfinger v. Adams*, No. 03-12-00512-CV, 2013 WL 6178570, at *1 (Tex. App.—Austin Nov. 21, 2013, orig. proceeding) (mem. op.) (construing appeal of contempt order as petition for writ of mandamus). We will conditionally grant the writ.

## DISCUSSION

Coronado sued the Joneses asserting causes of action arising out of a dispute that originated between Coronado's father-in-law, Juan Martinez, and the Joneses. According to the allegations in his petition, Martinez and the Joneses had an oral lease agreement pursuant to which Martinez paid the Joneses on a weekly basis in exchange for being permitted to mine stone and rock on property the Joneses owned in San Saba County. Martinez leased the equipment he used to mine the stone and rock from Coronado. In February 2012, Martinez failed to make his weekly lease payment and the Joneses locked Martinez out of their property and locked in all of the equipment Martinez leased from Coronado. Coronado then contacted the Joneses and negotiated a seven-day extension of the lease in exchange for $3,000, which would allow Martinez to continue his mining activities while Martinez, Coronado, and the Joneses concluded their negotiations regarding Martinez's continued use of the property. Coronado alleged that, despite agreeing to the extension, the Joneses locked Martinez out of the property the next day and continued to possess the equipment Martinez leased from Coronado.

After the Joneses filed a general denial, the parties entered into a Rule 11 agreement dated July 12, 2012, which recited that it "settles all matters between the parties as well as all matters

2

between" Coronado, the Joneses, and Martinez. Although the record includes only the first page of the Rule 11 agreement, it appears that the Joneses agreed to release the mining equipment and Coronado and Martinez agreed to remove all trash and debris from the property, remediate the quarry area, and pay $4,000, in four installments of $1,000 each, due on the 15th of each month beginning August 15, 2012, until paid in full. The parties did not, however, request that the trial court sign a consent judgment incorporating the terms of the Rule 11 agreement, and the case remained pending in the trial court.

In September 2012, the Joneses filed a pleading titled "Motion for Contempt and Enforcement of Rule 11 Agreement" in which they asserted that Coronado and Martinez had removed most of the debris and done limited remediation, but had failed to pay the $1,000 installment due on August 15th. The Joneses requested that the court order Coronado to appear and show cause why he should not be held in contempt for failing to comply with the terms of the Rule 11 agreement. After a hearing on May 16, 2013, the trial court signed a judgment on October 18, 2012, which recited that "the Court decided all fact questions," and "[a]fter considering the pleadings and official records on file in this cause, the evidence presented, and the parties' argument, the Court renders the following judgment." The judgment awarded the Joneses $2,000 for breach of contract along with post-judgment interest at 10% per annum. The judgment provided that Coronado take nothing on his breach of contract claim. The judgment further recited that "any party in favor of whom judgment is awarded is entitled to enforce this judgment through abstract, execution and any other process necessary. This judgment finally disposes of all parties and all claims and is appealable." Counsel for Coronado and for the Joneses approved the form of the judgment.

3

It is apparent that this was a final and appealable judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) ("[I]f language in order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final."). Neither Coronado nor the Joneses filed a notice of appeal, and the trial court lost plenary power on November 16, 2012. Tex. R. Civ. P. 329b(d).

In November 2012 and again in April 2013, the Joneses filed motions requesting that the court hold Coronado in contempt for failing to comply with the terms of the July 2012 Rule 11 agreement. The November motion was not set for a hearing, but in May 2013, the trial court held a hearing[1] on the Joneses' May 2013 motion, which was titled "Third Motion for Contempt and Enforcement of Rule 11 Agreement." In that motion, the Joneses asserted that Coronado failed to comply with the terms of the Rule 11 agreement by not making the November 15, 2012 installment payment of $1,000. According to the Joneses, Coronado's "failure [] to comply with the terms of the Rule 11 Agreement written, signed, and filed for record with this Court, constitutes failure to comply with the settlement agreement, and is enforceable by this Court by Contempt of Court." After a hearing, the trial court signed a "Judgment of Contempt and Order of Commitment" in which it found Coronado in contempt of court for his alleged failure to comply with the Rule 11 agreement, and ordered him to pay the Joneses $1,000 "due and owing on the Rule 11 Agreement," fined him $500, and ordered him to pay the Joneses an additional $1,000 in attorneys' fees and court costs. Coronado then sought relief from this order in this Court.

---

[1] The judge presiding over this hearing was not the same judge who signed the October 2012 judgment.

4

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion, and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding) (citing *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding)). As previously stated, this Court does not have jurisdiction over a direct appeal from a contempt order. As a result, Coronado had no adequate remedy by appeal. Thus, we need only consider whether the trial court abused its discretion in holding Coronado in contempt. The trial court's contempt order finds Coronado in contempt of court for his "failure to comply with the terms of the Rule 11 Agreement dated July 12, 2012." Here, the parties' Rule 11 agreement purported to settle all matters in dispute. After conducting a hearing on the Joneses' first motion for contempt and to enforce the Rule 11 settlement agreement, the trial court signed a final judgment on October 18, 2012, disposing of the case. While the terms of the final judgment vary from the terms of the parties' settlement agreement, and could have been challenged by a motion for new trial or by a timely filed appeal, counsel for both parties approved the judgment as to form, and neither party filed a motion for new trial or an appeal. Consequently, the trial court's October 2012 judgment is a final order fixing the obligations of the parties with respect to the matters at issue in the underlying proceeding, and the July 2012 Rule 11 agreement has no force or effect and cannot support an order of contempt. *See* Tex. R. Civ. P. 11 (providing that agreement pursuant to that rule may be enforced as to "any suit pending").[2]

---

[2] We also observe that failure to comply with the payment terms of an enforceable Rule 11 agreement would not be punishable by contempt. Contempt of court is broadly defined as disobedience to or disrespect of a court by acting in opposition to its authority. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). Failing to comply with a settlement agreement that has not been reduced to final judgment does not fall within the scope of acts constituting contempt of court.

We next consider whether the trial court had the authority to hold Coronado in contempt of the October 2012 judgment. It appears from the record that Coronado may have already paid the Joneses at least $2,000, which is what the trial court's judgment awarded them.[3] But even if he had not, the October 2012 judgment does not include any court order sufficiently specific to support a judgment of contempt. "In order to support a judgment of contempt, Texas law requires that the underlying decree set forth the terms of compliance in clear, specific and unambiguous terms so that the person charged with obeying the decree will readily know exactly what duties and obligations are imposed upon him." *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). "Command language" is essential to create an order enforceable by contempt. *See In re Coppock*, 277 S.W.3d 417, 419 (Tex. 2009) (orig. proceeding) (citing *Ex parte Gorena*, 595 S.W.2d 841, 845 (Tex. 1979) (orig. proceeding)). The court's final judgment in this case does not order Coronado to make any payment to the Joneses. Rather, it awards them a money judgment in the amount of $2,000 and expressly provides that the judgment may be enforced "through abstract, execution and any other process necessary." This language contemplates that the Joneses will avail themselves of traditional post-judgment collection processes. *See* Chief Justice Joe Greenhill, *Habeas Corpus Proceedings in the Supreme Court of Texas*, 1 St. Mary's L.J. 1, 12-13 (1969) ("In an ordinary suit, when the court orders a defendant to pay a plaintiff a $5,000 note 'for which execution issue,' the order cannot be enforced by contempt."). The October 2012 judgment lacks sufficient "command language" to permit the trial court to enforce it by contempt. Because neither

---

[3] We draw this inference from the fact that the third motion for contempt complains only of Coronado's failure to make the November 15, 2012 payment and makes no mention of any failure to make the previous three payments. Whether this inference is correct, however, is of no consequence to our analysis.

the Rule 11 agreement nor the October 2012 judgment can support an order holding Coronado in contempt of court, the trial court abused its discretion in doing so.

**CONCLUSION**

We conditionally grant Coronado's petition for writ of mandamus compelling the trial court to vacate its May 16, 2013 "Judgment of Contempt and Order of Commitment." We are confident the trial court will act in accordance with this opinion. Writ will issue only if it does not do so.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Filed:   May 6, 2015