**Opinion filed February 14, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00358-CV

_____

## MEMORIAL PARK MEDICAL CENTER, INC., Appellant

## V.

## JOHN GREEN, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV-0904121**

## M E M O R A N D U M   O P I N I O N

Memorial Park Medical Center, Inc. filed a notice of appeal after the trial court issued an order of commitment, which was based upon a previous order of contempt of court, against Appellant's attorney, William W. Ruth. We dismiss the appeal.

When this appeal was docketed, the clerk of this court notified the parties by letter that it did not appear this court had jurisdiction to entertain the appeal. We requested that Appellant respond and show grounds to continue the appeal.

Appellant filed a response in which it agreed that this court lacks jurisdiction. Appellant asserted, additionally, that the trial court lacked jurisdiction to take any

action in the proceeding below. In support of that contention, Appellant set forth the lengthy history of contentious litigation between the parties. Upon receiving Appellant's initial response, we notified Appellant that the question of jurisdiction about which we desired a response related to this court's authority to consider a direct appeal from an order of commitment based upon a judgment of contempt. We cited *Texas Animal Health Commission v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983), in the letter. Appellant has not filed a supplemental response.

*Nunley* provides that a judgment of contempt is not appealable on direct appeal. *Nunley*, 647 S.W.2d at 952. Furthermore, "an appeal from an adjudication and commitment for contempt" is not authorized. *Wagner v. Warnasch*, 295 S.W.2d 890, 893 (Tex. 1956). The only available means of review from an order of contempt is a writ of mandamus or a writ of habeas corpus. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (providing that contempt orders that involve imprisonment may be reviewed via a petition for writ of habeas corpus and that contempt orders that do not involve confinement may be reviewed via a petition for writ of mandamus); *In re Smith*, 310 S.W.3d 908, 913 (Tex. App.—Eastland 2010, orig. proceeding) (same). Because this is a direct appeal from an order of commitment for contempt, we have no jurisdiction. Accordingly, we must dismiss this appeal.

PER CURIAM

February 14, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.