

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-22-00012-CV

**JONATHAN MUMPHREY**
**AND STEPHON JOHNSON,**

**Appellants**

 **v.**

**TRUXPOSUR, LLC,**

**Appellee**

_____

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 21-002231-CV-272**

_____

## MEMORANDUM OPINION

_____

In four issues, Appellants Jonathan Mumphrey and Stephon Johnson (collectively M&J) appeal the trial court's order denying their request to dissolve a temporary injunction and to set aside an order for contempt. We will affirm.

### Background

Appellee TruXposur, LLC (TruXposur) filed suit against M&J seeking damages for, among other claims, trademark infringement. TruXposur additionally sought a

temporary restraining order and temporary injunction to prohibit M&J, in part, from using TruXposur's digital assets and domains or any of TruXposur's trademarks, service marks or other marks.

The trial court granted TruXposur's request for a temporary restraining order and set the case for a temporary injunction hearing. M&J did not appear at the hearing, and the trial court entered a temporary injunction. Approximately eleven days after the trial court's order, TruXposur moved to have M&J held in contempt. After a hearing, the trial court signed an order holding M&J in contempt. M&J moved to dissolve the temporary injunction and set aside the order for contempt, but the trial court denied their motion without a hearing. M&J then filed the present interlocutory appeal.

No reporter's record has been filed or requested for this appeal. No findings of fact and conclusions of law have been filed or requested for this appeal.

**Issue Four**

M&J challenge the trial court's order denying their motion to set aside the contempt order, arguing that the contempt order is invalid because the temporary injunction was invalid.

AUTHORITY

Courts of appeal lack jurisdiction to review a contempt order on direct appeal. *See Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex. App.—Dallas 2007, no pet.). A party may seek review of a contempt order that does not involve confinement only by filing a petition for writ of mandamus. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam) ("Contempt orders that do not involve confinement cannot be

reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus."); *see also In re Payne*, No. 10-17-00241-CV, 2017 WL 6374800, at *3 (Tex. App.—Waco Dec. 13, 2017, orig. proceeding) (mem. op.). An appellate court does not have jurisdiction to consider the appeal of a contempt order even when it is appealed along with a judgment that is appealable. *Metzger v. Sebek*, 892 S.W.2d 20, 54-55 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *see also Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983). Even if a temporary injunction order is determined to be void, the appellate court does not have jurisdiction to consider an appeal from a contempt order arising out of that injunction. *See Parham Family Ltd. P'ship v. Morgan*, 434 S.W.3d 774, 789 nn.15-16 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Tex. Animal Health Comm'n*, 647 S.W.2d at 952.

M&J's Issue Four is dismissed for lack of jurisdiction.

## Issues One, Two, and Three

M&J assert the following issues in relation to the order denying its motion to dissolve the temporary injunction:

1. Did the District Court err by refusing to dissolve the Temporary Injunction despite a significant change in the circumstances?

2. Did the District Court err by refusing to dissolve the Temporary Injunction when the Temporary Injunction only enjoins actions that cause non-imminent, reparable injuries?

3. Did the District Court err by refusing to dissolve the Temporary Injunction when the Temporary Injunction fails to comply with the specificity requirement of Texas Rule of Civil Procedure 683?

AUTHORITY

A trial court's decision to grant or deny a motion to dissolve a temporary injunction is generally reviewed for an abuse of discretion. *Stewart Beach Condo. Homeowners Ass'n, Inc. v. Gili N Prop Inv.'s, LLC*, 481 S.W.3d 336, 342-43 (Tex. App.—Houston [1st Dist.] 2015, no pet.). A trial court abuses its discretion when its decision is arbitrary, unreasonable, and made without reference to guiding principles. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding); *see also In re A.L.M.-F.*, 593 S.W.3d 271, 282 (Tex. 2019). No abuse of discretion exists if some evidence reasonably supports the trial court's ruling. *Henry v. Cox*, 520 S.W.3d 28, 33 (Tex. 2017).

The purpose of a motion to dissolve a temporary injunction is to provide the trial court the authority to dissolve an injunction upon a showing of changed conditions, not to give an unsuccessful party an opportunity to relitigate the propriety of the original injunction order. *Kassim v. Carlisle Int.'s, Inc.*, 308 S.W.3d 537, 540 (Tex. App.—Dallas 2010, no pet.). If the movant does not appeal the entry of a temporary injunction, it waives the right to complain of any errors in the temporary injunction in its appeal of the denial of its motion to dissolve the temporary injunction. *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 834 (Tex. App.—Austin 1984, no writ); *see also Chase Manhattan Bank v. Bowles*, 52 S.W.3d 871, 879 (Tex. App.—Waco 2001, no pet.).

DISCUSSION

A review of the record reflects that M&J failed to provide the trial court with sufficient evidence to establish a change in circumstances that would justify dissolution

of the temporary injunction. M&J withdrew their request for an evidentiary hearing, where they would have had the opportunity to present competent evidence of changed circumstances to the trial court. Additionally, M&J's exhibits to their motion to dissolve the temporary injunction consist of a series of unauthenticated emails. The trial court did not abuse its discretion in disregarding the exhibits and in denying the motion to dissolve the temporary injunction based on changed circumstances. M&J's Issue One is overruled.

M&J's remaining arguments are based upon alleged errors in the temporary injunction. M&J did not appeal the trial court's entry of the temporary injunction and cannot use the denial of their motion to dissolve the temporary injunction to raise such issues. M&J's Issues Two and Three are overruled.

## Conclusion

Having overruled M&J's first three issues and dismissed their fourth issue for lack of jurisdiction, we affirm the trial court's order denying M&J's motion to dissolve the temporary injunction.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered and filed August 24, 2022
[CV06]

